**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **ANDRE THOMAS SCOTT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**IDOC, JOHN/JANE DOE, JOHN/JANE DOE, JOHN/JANE DOE,**<br><br>**Defendants.** | **No. 2:26 CV 349** |

**OPINION and ORDER**

Andre Thomas Scott, a prisoner without a lawyer, filed a complaint alleging he was not protected from attack by officials at the Indiana State Prison. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Scott alleges he was attacked with heated chemicals on June 20, 2024, by a trustee while he was in disciplinary segregation. He alleges the trustee should not have been hired because he had committed violent acts in the past and had a life sentence. Under the Eighth Amendment, correctional officials have a constitutional duty to protect

inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). However, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To state a claim, a plaintiff must plausibly allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010); *see also Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). This complaint does not allege that anyone (not even Scott himself) had any indication he was at risk of attack by this inmate.

Additionally, this lawsuit is untimely because "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). The attack happened June 20, 2024. The complaint is undated, but the in forma pauperis motion was signed July 16, 2026, and the envelope was not posted until July 30, 2026. (DE # 2.) In some circumstances, "the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (quotation marks and citation omitted). Here, though Scott was moved and had medical problems, those issues did not consume the entire two years during which he could have filed this lawsuit. He says he

did not always have his legal work or evidence, but Scott knew the facts he put in this complaint without needing any additional legal work or evidence. Tolling does not apply here. Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Finally, the complaint cannot proceed because it names only IDOC and unknown defendants. The Indiana Department of Correction is a State agency and States are not "persons" who can be sued under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Normally, when a prisoner is not "in a position to identify the proper defendants . . . it is the duty of the district court to assist him, within reason, to make the necessary investigation." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). "[T]he court may assist the plaintiff . . . by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible . . .." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Here however, it is too late to do that because the statute of limitations has already expired, and "plaintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*

*v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A because it is legally frivolous to bring a claim that does not state a claim against unknown defendants after the statute of limitations has expired.

**SO ORDERED.**

Date: August 24, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT